## FITZ H. LANE *vs.* ELI F. STACY.

Joint payees of a note who indorse it are joint and not successive indorsers, and either of them is entitled to share in a security taken from the principal debtor by the other.

BILL IN EQUITY, alleging that the defendant is the adminis trator of the estate of E. H. Stacy, deceased; that E. H. Stacy and the plaintiff were the payees of a note executed by Ignatius Winter, and indorsed the same for Winter's accommodation; that E. H. Stacy took a mortgage of personal property from Winter to secure him from loss by reason of his said indorsement; that Winter failed to pay the note, and the plaintiff has since paid the same, and has been unable to obtain reimbursement from Winter; and that the plaintiff has applied to the defendant to assign to him one half of said mortgage, which the defendant has refused to do. The prayer was that the defendant might be ordered to make the assignment, and for other

and further relief. It was agreed by the parties that the plaintiff had no knowledge of the security taken by Stacy at the time it was taken, and that there was no agreement that it should enure to his benefit. The case was reserved by *Dewey*, J. for the determination of the whole court.

*S. H. Phillips*, for the plaintiff.

*C. P. Thompson*, for the defendant.

Hoar, J. It is not denied by the defendant that a surety is entitled to share in the benefit of the security taken by his co-surety. But he contends that his intestate was not the co-surety of the plaintiff; and relies upon the well settled rule, that the liability of successive indorsers upon a note is fixed by the contract which the position of their names upon the paper establishes, and that, unless by express agreement, one is not bound to contribute to a payment of the note by the other, even if both are accommodation indorsers. The principle is sound, but has no application to the case at bar. Stacy and Lane are not successive indorsers. They are joint indorsers. The note was made payable to their joint order, and could only be transferred by their joint act. Which name is first put upon the paper is therefore immaterial, as by the indorsement they incurred a joint esponsibility for the debt of the promisor. Each is therefore entitled to share in the security taken by the other.

*Decree according to the prayer of the plaintiff's bill.*